```
                          United States Bankruptcy Court
                          Middle District of Pennsylvania
In re:                                                           Case No. 19-01346-HWV
David Allen McVicker, Sr                                         Chapter 13
Stephanie Ann McVicker
        Debtors                   CERTIFICATE OF NOTICE
District/off: 0314-1          User: CKovach            Page 1 of 2          Date Rcvd: May 13, 2019
                              Form ID: pdf002          Total Noticed: 57


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 15, 2019.
db/jdb         +David Allen McVicker, Sr,    Stephanie Ann McVicker,    214A John Street,
                 Hanover, PA 17331-3351
5180420        +AARON'S,    436 EISENHOWER DRIVE,    HANOVER, PA 17331-5221
5180422        +ALL AMERIDREAM RENTALS,    300 BALTIMORE STREET,    HANOVER, PA 17331-3239
5180423        +ARS,    1643 NW 136TH AVENUE,    SUNRISE, FL 33323-2857
5180427        +CAC COMMERCIAL ACCEPTANCE CORP,    2300 GETTYSBURG RD, STE 102,    CAMP HILL, PA 17011-7303
5180429        +CAPITAL WEST FINANCE INC,    4028 HANOVER PIKE,    MANCHESTER, MD 21102-1440
5180431        +CHASE,    800 BROOKSEDGE BLVD,    WESTERVILLE, OH 43081-2822
5188596        +COMCAST,    PO BOX 1931,    Burlingame, CA 94011-1931
5180432        +COMCAST CABLE (BK Notices),    676 ISLAND POND ROAD,    MANCHESTER, NH 03109-4840
5180434         COMMONWEALTH FINANCIAL SYSTEMS INC,    BK NOTICES,    245 MAIN STREET,
                 DICKSON CITY, PA 18519-1641
5180436        +CREDIT ACCEPTANCE,    25505 W 12 MILE ROAD, STE 3000,    SOUTHFIELD, MI 48034-8331
5192964        +Chase Bank USA, N.A.,    c/o Robertson, Anschutz & Schneid, P.L.,
                 6409 Congress Avenue, Suite 100,    Boca Raton, FL 33487-2853
5184840         Directv, LLC,    by American InfoSource as agent,    PO Box 5072,    Carol Stream, IL 60197-5072
5180439        +EASTERN REVENUE,    601 DRESHER RD STE 301,    HORSHAM, PA 19044-2277
5180442        +HACC,    ONE HACC DRIVE,    HARRISBURG, PA 17110-2999
5180445        +KML LAW GROUP PC,    SUITE 5000 - BNY INDEPENDENCE CENTER,    701 MARKET STREET,
                 PHILADELPHIA, PA 19106-1538
5180446        +LORI NEIDERER,    32 LEXINGTON DRIVE,    HANOVER, PA 17331-8657
5180448        +MARY HOLLINGSWORTH,    1327 NORTH MAIN STREET,    HAMPSTEAD, MD 21074-2238
5180451        +MR COOPER,    8950 CYPRESS WATERS BLVD,    DALLAS, TX 75019-4620
5180453        +PHNX FINAN,    8902 OTIS AVENUE,    INDIANAPOLIS, IN 46216-1077
5180454        +PNC BANK,    2730 LIBERTY AVENUE,    PITTSBURGH, PA 15222-4747
5180456        +RANDRECOVERY,    PO BOX 21575,    PIKESVILLE, MD 21282-1575
5180457         SANTANDER CONSUMER USA,    BANKRUPTCY DEPARTMENT,    PO BOX 560284,    DALLAS, TX 75356-0284
5180459        +STATE OF MARYLAND,    CENTRAL COLLECTION UNIT,    5TH FLOOR CERTIFICATIONS,
                 300 WEST PRESTON STREET,    BALTIMORE, MD 21201-2307
5186988        +Santander Consumer USA, Inc.,    P.O. Box 560284,    Dallas, TX 75356-0284
5180462        +UNEMP COMP OVERPAYMENT MATTERS,    DEPT OF L&I - OFFICE OF CHIEF COUNSEL,
                 651 BOAS STREET 10TH FLOOR,    HARRISBURG, PA 17121-0751
5180463        +UNEMPL COMP TAX MATTERS,    HARRISBURG CASES L&I OFF CHIEF COUNSEL,    651 BOAS STREET 10TH FLOOR,
                 HARRISBURG, PA 17121-0751
5180464        +USDOE/GLELSI,    PO BOX 16448,    SAINT PAUL, MN 55116-0448

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr             +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com May 13 2019 19:50:38
                 PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5180421         E-mail/Text: EBNProcessing@afni.com May 13 2019 19:44:01      AFNI INC,    404 BROCK DRIVE,
                 PO BOX 3097,    BLOOMINGTON, IL 61702-3097
5180424        +E-mail/Text: g17768@att.com May 13 2019 19:43:16      AT&T - BANKRUPTCY,
                 4331 COMMUNICATIONS DR,    FIR 4W,    DALLAS, TX 75211-1300
5180425        +E-mail/Text: g20956@att.com May 13 2019 19:44:13      AT&T MOBILITY,
                 15901 E SKELLY DRIVE (PHILA),    TULSA, OK 74116-2809
5180426         E-mail/Text: bankruptcy@bbandt.com May 13 2019 19:43:30      BB&T,    BANKRUPTCY SECTION,
                 PO BOX 1847,    WILSON, NC 27894
5180428         E-mail/PDF: AIS.cocard.ebn@americaninfosource.com May 13 2019 19:50:58
                 CAPITAL ONE (BANKRUPTCY NOTIFICATION) (p,    PO BOX 30285,    SALT LAKE CITY, UT 84130-0285
5180430        +E-mail/Text: dehartstaff@pamd13trustee.com May 13 2019 19:44:10      CHARLES J DEHART, III, ESQ.,
                 8125 ADAMS DRIVE STE A,    HUMMELSTOWN PA 17036-8625
5180433         E-mail/Text: RVSVCBICNOTICE1@state.pa.us May 13 2019 19:43:48      COMM OF PA DEPT OF REVENUE,
                 BUREAU OF COMPLIANCE,    PO BOX 280946,    HARRISBURG, PA 17128-0946
5180435        +E-mail/Text: ccusa@ccuhome.com May 13 2019 19:43:14      CR COLL/USA,    256 GREENBAG ROAD STE 1,
                 MORGANTOWN, WV 26501-7158
5180437         E-mail/PDF: creditonebknotifications@resurgent.com May 13 2019 19:50:39      CREDITONE BANK,
                 CUSTOMER BILLING AND CORRESPONDENCE,    PO BOX 98873,    LAS VEGAS, NV 89193-8873
5180438        +E-mail/Text: bankruptcynotices@dcicollect.com May 13 2019 19:44:13      DIVERSIFIED,
                 PO BOX 551268,    JACKSONVILLE, FL 32255-1268
5180440         E-mail/Text: operationsclerk@easypayfinance.com May 13 2019 19:43:11      EASYPAY/DVRA,
                 2701 LOKER AVE WEST,    CARLSBAD, CA 92008
5180441        +E-mail/Text: bknotice@ercbpo.com May 13 2019 19:43:58      ERC,    PO BOX 57547,
                 JACKSONVILLE, FL 32241-7547
5180443         E-mail/Text: cio.bncmail@irs.gov May 13 2019 19:43:25      INTERNAL REVENUE SERVICE - CIO,
                 PO BOX 7346,    PHILADELPHIA, PA 19101-7346
5180444         E-mail/Text: JCAP_BNC_Notices@jcap.com May 13 2019 19:44:04      JEFFCAPSYS,    16 MCLELAND RD,
                 SAINT CLOUD, MN 56303
5180447         E-mail/Text: camanagement@mtb.com May 13 2019 19:43:32      M&T BANK,    1100 WEHRLE DRIVE,
                 WILLIAMSVILLE, NY 14221
5180449        +E-mail/Text: unger@members1st.org May 13 2019 19:44:24      MEMBERS 1ST FCU,    5000 LOUISE DR,
                 PO BOX 40,    MECHANICSBURG, PA 17055-0040
5180450        +E-mail/Text: bankruptcydpt@mcmcg.com May 13 2019 19:43:53      MIDLAND FUNDING LLC,
                 2365 NORTHSIDE DR STE 300,    SAN DIEGO, CA 92108-2709
```

```
District/off: 0314-1          User: CKovach            Page 2 of 2            Date Rcvd: May 13, 2019
                              Form ID: pdf002          Total Noticed: 57
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center
(continued)
```
5197446        +E-mail/Text: bankruptcydpt@mcmcg.com May 13 2019 19:43:53      Midland Funding LLC,
                 PO Box 2011,   Warren, MI 48090-2011
5189576         E-mail/PDF: cbp@onemainfinancial.com May 13 2019 19:50:27      ONEMAIN,   P.O. BOX 3251,
                 EVANSVILLE, IN 47731-3251
5180452         E-mail/PDF: cbp@onemainfinancial.com May 13 2019 19:50:27
                 ONEMAIN FINANCIAL ATTN: BK NOTICES,    PO BOX 3251,   EVANSVILLE, IN 47731-3251
5180455         E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com May 13 2019 19:50:58
                 PORTFOLIO RECOVERY ASSOCIATES LLC,    BK NOTICES,   PO BOX 41067,   NORFOLK, VA 23541
5193965         E-mail/Text: RVSVCBICNOTICE1@state.pa.us May 13 2019 19:43:48
                 Pennsylvania Department of Revenue,    Bankruptcy Division PO Box 280946,
                 Harrisburg, Pa.  17128-0946
5180458         E-mail/Text: appebnmailbox@sprint.com May 13 2019 19:43:52      SPRINT BANKRUPTCY,   PO BOX 7949,
                 OVERLAND PARK, KS 66207
5180460        +E-mail/Text: bankruptcy@sw-credit.com May 13 2019 19:43:55      SW CREDIT SYS,
                 4120 INTERNATIONAL PKWY STE 1100,   CARROLLTON, TX 75007-1958
5180461        +E-mail/PDF: gecsedi@recoverycorp.com May 13 2019 19:50:51      SYNCB/WALMART,   PO BOX 965024,
                 ORLANDO, FL 32896-5024
5180859        +E-mail/PDF: gecsedi@recoverycorp.com May 13 2019 19:50:51      Synchrony Bank,
                 c/o PRA Receivables Management, LLC,    PO Box 41021,   Norfolk, VA 23541-1021
5180465         E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com May 13 2019 19:43:08
                 VERIZON BANKRUPTCY DEPT,   500 TECHNOLOGY DR, STE 550,    SAINT CHARLES, MO 63304-2225
5180466         E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com May 13 2019 19:43:08
                 VERIZON WIRELESS,   500 TECHNOLOGY DR, STE 550,    SAINT CHARLES, MO 63304-2225
                                                                                              TOTAL: 29

               ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 15, 2019                                       Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 13, 2019 at the address(es) listed below:
              Charles J DeHart, III (Trustee)    TWecf@pamd13trustee.com
              Dorothy L Mott    on behalf of Debtor 2 Stephanie Ann McVicker DorieMott@aol.com,
               KaraGendronECF@gmail.com;mottgendronecf@gmail.com;bethsnyderecf@gmail.com
              Dorothy L Mott    on behalf of Debtor 1 David Allen McVicker, Sr DorieMott@aol.com,
               KaraGendronECF@gmail.com;mottgendronecf@gmail.com;bethsnyderecf@gmail.com
              James Warmbrodt    on behalf of Creditor    Nationstar Mortgage LLC D/B/A Mr. Cooper
               bkgroup@kmllawgroup.com
              Kara Katherine Gendron    on behalf of Debtor 2 Stephanie Ann McVicker karagendronecf@gmail.com,
               doriemott@aol.com;mottgendronecf@gmail.com;bethsnyderecf@gmail.com
              Kara Katherine Gendron    on behalf of Debtor 1 David Allen McVicker, Sr karagendronecf@gmail.com,
               doriemott@aol.com;mottgendronecf@gmail.com;bethsnyderecf@gmail.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                             TOTAL: 7
```

LOCAL BANKRUPTCY FORM 3015-1

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| DAVID ALLEN MCVICKER, SR | |
| aka David Allen McVicker | CASE NO. 1:19-bk-01346 |
| STEPHANIE ANN MCVICKER | |
| fka Stephanie Ann Fogle | ☐ ORIGINAL PLAN |
| Debtor(s) | |
| | ☑ FIRST AMENDED PLAN (indicate 1ST, 2ND, 3RD, etc.) |
| | ☐ 0 Number of Motions to Avoid Liens |
| | ☐ 0 Number of Motions to Value Collateral |

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ 0 Included | ☑ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☑ 2 Included | ☐ Not Included |

**YOUR RIGHTS WILL BE AFFECTED**
READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

## 1. PLAN FUNDING AND LENGTH OF PLAN.

  A. <u>Plan Payments From Future Income</u>
    1. To date, the Debtor paid $220.00 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $26,400.00, plus other payments and property stated in § 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 05/2019 | 04/2024 | $440.00 x 60 months | $ |  | $26,400.00 |
|  |  | $ | $ |  | $ |
|  |  |  |  | Total Payments | $26,400.00 |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.
    3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.
    4. CHECK ONE: ☒ Debtor is at or under median income. If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.

  B. <u>Additional Plan Funding From Liquidation of Assets/Other</u>
    1. The Debtor estimates that the liquidation value of this estate is $0. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

Check one of the following two lines.
  ☒  No assets will be liquidated. If this line is checked, the rest of § 1.B need not be completed or reproduced.

## 2. SECURED CLAIMS
  A. <u>Pre-Confirmation Distributions</u>. *Check one*.
  ☒  None. If "None" is checked, the rest of § 2.A need not be completed or reproduced.

  B. <u>Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor</u>. *Check one*.
  ☐ None. If "None" is checked, the rest of § 2.B need not be completed or reproduced. \

  ☒ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
|  |  |  |

| LORI NEIDERER | 2013 Dodge Journey SXT white (approx. 98,000 miles | |
| MR COOPER | 214A John Street, Hanover, PA 17331 | 5314 |
| SANTANDER CONSUMER USA | 2019 Kia Soul base white (approx. 1,750 miles) | 5912 |

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence)**.
*Check one.*

☐ None. If "None" is checked, the rest of § 2.C need not be completed or reproduced.

☒ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| LORI NEIDERER | 2013 Dodge Journey SXT white (approx. 98,000 miles | Per allowed proof of claim $0 estimated | | Per allowed proof of claim |
| MR COOPER | 214A John Street, Hanover, PA 17331 | Per allowed proof of claim $20,256.63 estimated | | Per allowed proof of claim |
| SANTANDER CONSUMER USA | 2019 Kia Soul base white (approx. 1,750 miles) | Per allowed proof of claim $0 estimated | | Per allowed proof of claim |

**D. Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**
☐ None. If "None" is checked, the rest of § 2.D need not be completed or reproduced.

☒ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| HUD/FHA | 214A John Street, Hanover, PA 17331 | | | No payments on contingent claim |

**E. Secured claims for which a § 506 valuation is applicable**. *Check one.*
☒ None. If "None" is checked, the rest of § 2.E need not be completed or reproduced.

**F. Surrender of Collateral**. *Check one.*
☐ None. If "None" is checked, the rest of § 2.F need not be completed or reproduced.

☒ The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan or upon approval of any modified plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| ONEMAIN FINANCIAL ATTN: BK NOTICES | 2005 Dodge Stratus inoperable  (approx. 130,000 mi |

**G. Lien Avoidance. Do not use for mortgages or for statutory liens, such as tax liens**. *Check one.*
☒ None. If "None" is checked, the rest of § 2.G need not be completed or reproduced.

### 3. PRIORITY CLAIMS.
#### A. Administrative Claims

   1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.
   2. <u>Attorney's fees</u>. Complete only one of the following options:
      a. In addition to the retainer of $0.00 already paid by the Debtor, the amount of $4,000.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or
         b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

   3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*
☒ None. If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.

**B. Priority Claims (including, certain Domestic Support Obligations**
Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| COMMONWEALTH OF PA DEPT OF REVENUE | $898.09 |

**C. Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*
☒ If "None" is checked, the rest of § 3.C need not be completed or reproduced.

**4. UNSECURED CLAIMS**
   **A. Claims of Unsecured Nonpriority Creditors Specially Classified**. *Check one of the following two lines*.
☒ None. If "None" is checked, the rest of § 4.A need not be completed or reproduced.
   **B. All remaining allowed unsecured claims shall receive a pro-rata distribution of any funds remaining after payment of the other classes.**

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES**. *Check one of the following two lines*.
☐ None. If "None" is checked, the rest of § 5 need not be completed or reproduced.

☒ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume/ Reject |
|---|---|---|---|---|---|---|
| AARON'S | Lease/Purchase king bed set and refrigerator | $ | % | $0 | | Assumed |

**6. VESTING OF PROPERTY OF THE ESTATE**.
**Property of the estate will vest in the Debtor upon**
*Check the applicable line:*
☐ plan confirmation.
☐ entry of discharge.
☒ closing of case:

**7. DISCHARGE**: (Check one)
☒ The debtor will seek a discharge pursuant to § 1328(a).
☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION**:
If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.
Payments from the plan will be made by the Trustee in the following order:
Level 1:     Adequate protection payments.
Level 2:     Debtor's attorney's fees.
Level 3:     Domestic Support Obligations.
Level 4:     Secured claims, pro rata.
Level 5:     Priority claims, pro rata.
Level 6:     Specially classified unsecured claims.
Level 7:     General unsecured claims.

Level 8:     Untimely filed unsecured claims to which the debtor has not objected.
*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.*

**9. NONSTANDARD PLAN PROVISIONS**
**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

(1)  Claim amounts:  The amounts of the claims listed in the plan and schedules are estimated amounts and are not admissions by the Debtors as to the amount(s) owed.

(2)  Property surrendered under Section 2 F. shall be surrendered in full satisfaction of creditors' claims.

(3)  Lien Releases.

(a)  Personal Property:  Upon the satisfaction, completion of cramdown payment, or other discharge of a security interest in a motor vehicle, mobile home, or in any other personal property of this estate in bankruptcy for which ownership is evidenced by a certificate of title, the secured party shall within thirty (30) days after the entry of the discharge order or demand execute a release of its security interest on the said title or certificate, and mail or deliver the certificate or title and release to the Debtor or to the attorney for the Debtor.  Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with this provision.

(b)  Real Property:  Upon the, completion of cramdown payment, strip off, or other discharge of a security interest in real property, the secured party shall within sixty (60) days after the entry of the discharge order file a satisfaction piece or release of its security interest in the office of the Recorder of Deeds for the county in which the real estate is located. Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with this provision.

(4)  Confirmation of this Plan shall not bar the Debtor from:

(a) filing objections to any claims;

(b) amending his schedules to add a creditor who was omitted from his schedules and to amend this Plan to provide for the treatment of such creditor or any other creditor who failed to timely file a proof of claim;

(c) seeking to avoid a lien under Section 522 of the Code or seeking the determination of the extent, validity and/or priority of any liens;

(d) seeking a determination as to the dischargeability of any debt; or

(e) selling any asset of his free and clear of liens and encumbrances.

/s/ Dorothy L. Mott, /s/ Kara K. Gendron
_____
Dorothy L. Mott, Kara K. Gendron
Attorneys for Debtor(s)

 /s/  David Allen McVicker, Sr
Debtor

/s/   Stephanie Ann McVicker
Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9